91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge Guzman ORTEGA, aka Pedro Garzaro Amezquita, Defendant-Appellant.
 No. 95-50392.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jorge Guzman Ortega appeals his 70-month sentence following a guilty plea to importation of heroin, in violation of 21 U.S.C. §§ 952(a), 960, and possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Ortega received a two-level minor role downward adjustment in his offense level under U.S.S.G. § 3B1.2(b). Ortega contends that the district court erred by failing to give him a four-level downward adjustment under U.S.S.G. § 3B1.2(a) for being a minimal participant. We have jurisdiction under 18 U.S.C. § 3742(a), 28 U.S.C. § 1291. We review for clear error the district court's determination of the defendant's minor or minimal role in the offense. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995), and affirm.
 
 
 3
 Ortega contends that he should receive a minimal role adjustment because he was a "human mule" whose sole function was to transport heroin into the United States.
 
 
 4
 A defendant who acts as a drug courier may be entitled to a minimal role adjustment, but such an adjustment is not required. See id. at 1436-37; see also U.S.S.G. § 3B1.2, comment. (n. 1) (minimal role adjustment appropriate where defendant lacks knowledge of the scope of the enterprise). Courier status is not established when the only evidence is the defendant's self-serving statements about his role in the drug organization. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). A sentence reduction is not required where the defendant knew he was transporting drugs and received money in return, or possessed a substantial amount of narcotics. See Davis, 36 F.3d at 1437; Lui, 941 F.2d at 849.
 
 
 5
 Ortega, a Colombian citizen, contends that he was approached by a Guatamalan male about transporting cocaine into the United States. Ortega swallowed approximately 100 balloons of heroin and flew to Los Angeles where he was to receive $3000 for transporting the drugs. Upon arrival in Los Angeles, Ortega was detained by customs officials and submitted to an X-ray. The contents of the balloons totaled approximately 1,037 grams of heroin.
 
 
 6
 Because Ortega knew he was carrying a substantial amount of narcotics and anticipated a $3000 payment for transporting the drugs, the district court did not clearly err in denying his request for a four-level downward adjustment for minimal participation in the offense. See Davis, 36 F.3d at 1437; Lui, 941 F.2d at 849.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3